UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER KIEFFER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 1:13-cv-595 |
| | ) |
| FRANCISCAN ALLIANCE, INC., | ) |
| d/b/a ST. FRANCIS HEALTH, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. Nature of the Case**

1. Plaintiff Jennifer Kieffer brings this Complaint against her former employer, Franciscan Alliance, Inc. d/b/a St. Francis Health for violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. Specifically, Plaintiff contends that Defendant discriminated against her and terminated her because she requested and took leave under the FMLA.

**II. Parties**

2. The Plaintiff, Jennifer Kieffer ("Kieffer"), is a United States citizen who resided within the geographic boundaries of the Southern District of Indiana at all times relevant to this action.

3. The Defendant, Franciscan Alliance, Inc. is a Corporation doing business as St. Francis Health within the geographic boundaries of the Southern District of Indiana.

### III. Jurisdiction and Venue

4. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 2617(a)(2).

5. At all times relevant to this action Kieffer was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(a).

6. Defendant is an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4)(a).

7. Venue is proper in this Court because all events giving rise to this lawsuit occurred with the Southern District of Indiana.

### IV. Factual Allegations

8. Plaintiff Jennifer Kieffer ("Kieffer" or "Plaintiff") was hired by the Franciscan Alliance, Inc. ("Defendant") on or about May 6, 2002 as a registered nurse.

9. Throughout Mrs. Kieffer's employment, she met or exceeded all of Defendant's legitimate employment expectations.

10. Mrs. Kieffer's minor son, Joseph Kieffer, was diagnosed with a serious medical condition on or about July 15, 2011.

11. Mrs. Kieffer's supervisor, Kim Sharp, advised Kieffer that she need to apply for leave under the FMLA in order to care for her son.

12. Kieffer applied for intermittent leave under the FMLA to care for her son, which was granted.

13. On or about January 19, 2012, Defendant issued a verbal warning to Kieffer for attendance. Kieffer's absences were due to taking leave to care for her son.

14. By issuing a verbal warning to Kieffer for absences for which leave was approved under the FMLA, Defendant interfered with Kieffer's exercise of her FMLA rights and retaliated against her for attempting to exercise those rights.

15. Defendant failed to promptly advise Kieffer of any deficiency in her notice to it of her need for leave, and/or failed to give her a reasonable opportunity to cure any such deficiency.

16. Kieffer subsequently advised Ms. Sharp of her need to take leave in March, 2012 in order to care for her son.

17. In order to avoid friction with Sharp, Kieffer proposed that she take vacation time for the leave, and/or have other nurses cover her shifts.

18. Kieffer provided Defendant with medical documentation of her need for the leave to care for her son.

19. Thereafter, Sharp issued verbal and written warnings to Kieffer on the same day, one of which was specifically given for Kieffer having mentioned her planned leave at work.

20. Defendant failed to provide Kieffer with FMLA paperwork or suggest that Kieffer take leave under the FMLA for the leave necessitated to care for her son.

21. By issuing warnings to Kieffer, Defendant interfered with Kieffer's exercise of her FMLA rights and retaliated against her for attempting to exercise those rights.

22. On or about January 15, 2013, Defendant terminated Kieffer.

23. Defendant's stated reason for terminating Kieffer is pretextual. Kieffer was terminated in retaliation for exercising and/or attempting to exercise her rights under the FMLA.

24. All reasons proffered by Defendant for adverse actions taken by it regarding Kieffer's employment are pretextual.

25. Kieffer has suffered injury as a result of Defendant's unlawful actions.

## V. Legal Allegations: FMLA Violations

26. Kieffer incorporates all of the allegations set forth in paragraphs one through twenty-five (25) of this Complaint.

27. Defendant unlawfully interfered with, discriminated against, and retaliated against Kieffer in violation of the FMLA.

28. Defendant terminated Kieffer in retaliation for the exercise her rights under the FMLA.

29. All reasons proffered by Defendant for adverse actions taken by it regarding Kieffer' employment are pretextual.

30. Defendant's retaliation against Kieffer violated the FMLA, 29 U.S.C. §2615(a) by interfering with Kieffer's exercise of her FMLA rights and discriminating against her due to her exercise of those rights..

31. Defendant's actions were intentional, willful, done in bad faith, and in reckless disregard of Kieffer' federally protected rights under the FMLA.

## VI. Relief Requested

WHEREFORE, Plaintiff, Jennifer Kieffer, respectfully requests that this Court enter judgment in her favor and provide her the following relief:

1. Reinstatement to her former position, or front pay in lieu thereof.

2. Compensation, and all unpaid wages and monetary loss suffered as a result of the Defendant's unlawful actions, in an amount that will make her whole.

3. Liquidated damages for the Defendant's bad faith violations of the FMLA.

4. Payment of her reasonable attorney fees and costs associated with this action.

5. Pre-judgment and post-judgment interest on all sums recoverable.

6. Any and all other relief to which she is entitled.

## Demand for Jury Trial

The Plaintiff, Jennifer Kieffer, by counsel, respectfully requests a trial by jury as to all issues deemed so triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin (7576-49)

*s/ Paul A. Logan*
Paul A. Logan (17661-02)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
E-Mail: jhaskin@hlllaw.com
plogan@hlllaw.com