UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER KIEFFER, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 1:13-CV-0595-LJM-DML |
| FRANCISCAN ALLIANCE, INC., d/b/a ST. FRANCIS HEALTH, | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

The Defendant, by counsel, states as its Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial ("Complaint") as follows:

**I. Nature of the Case.**

1. Plaintiff, Jennifer Kieffer brings this Complaint against her former employer, Franciscan Alliance, Inc. d/b/a St. Francis Health for violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. Specifically, Plaintiff contends that Defendant discriminated against her and terminated her because she requested and took leave under the FMLA.

**ANSWER:** The averments contained in the paragraph 1 of Plaintiff's Complaint are rhetorical in nature and require no response. However, to the extent an answer is required, Defendant denies that it engaged in any unlawful act with respect to Plaintiff whatsoever.

## II. Parties.

2. The Plaintiff, Jennifer Kieffer ("Kieffer"), is a United States citizen who resided within the geographic boundaries of the Southern District of Indiana at all times relevant to this action.

**ANSWER:** Defendant is without knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 2 of Plaintiff's Complaint.

3. The Defendant, Franciscan Alliance, Inc. is a Corporation doing business as St. Francis Health within geographic boundaries of the Southern District of Indiana.

**ANSWER:** Defendant admits that it is a corporation doing business as Franciscan St. Francis Health within the geographic boundaries of the Southern District of Indiana. Defendant denies all other averments contained in paragraph 3 of Plaintiff's Complaint.

## III. Jurisdiction and Venue.

4. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 2617(a)(2).

**ANSWER:** Defendant admits that jurisdiction is proper. Defendant denies all other averments contained in paragraph 4 of Plaintiff's Complaint.

5. At all times relevant to this action Kieffer was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(a).

**ANSWER:** Defendant denies all averments contained in paragraph 5 of Plaintiff's Complaint.

6. Defendant is an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4)(a).

**ANSWER:** Defendant admits the averments contained in paragraph 6 of Plaintiff's Complaint.

7. Venue is proper in this Court because all events giving rise to this lawsuit occurred with[in] the Southern District of Indiana.

**ANSWER:** Defendant admits that venue in this Court is proper. Defendant denies all other averments contained in paragraph 7 of Plaintiff's Complaint.

### IV. Factual Allegations.

8. Plaintiff Jennifer Kieffer ("Kieffer" or "Plaintiff") was hired by the Franciscan Alliance, Inc. ("Defendant") on or about May 6, 2002 as a registered nurse.

**ANSWER:** Defendant admits that it hired Plaintiff on or about May 6, 2002. Defendant denies all other averments contained in paragraph 8 of Plaintiff's Complaint.

9. Throughout Mrs. Kieffer's employment, she met or exceeded all of Defendant's legitimate employment expectations.

**ANSWER:** Defendant denies all averments contained in paragraph 9 of Plaintiff's Complaint.

10. Mrs. Kieffer's minor son, Joseph Kieffer, was diagnosed with a serious medical condition on or about July 15, 2011.

**ANSWER:** Defendant is without knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 10 of Plaintiff's Complaint.

11. Mrs. Kieffer's supervisor, Kim Sharp, advised Kieffer that she need[ed] to apply for leave under the FMLA in order to care for her son.

**ANSWER:** Defendant admits the averments contained in paragraph 11 of Plaintiff's Complaint.

12. Kieffer applied for intermittent leave under the FMLA to care for her son, which was granted.

**ANSWER:** Defendant admits the averments contained in paragraph 12 of Plaintiff's Complaint.

13. On or about January 19, 2012, Defendant issued a verbal warning to Kieffer for attendance. Kieffer's absences were due to taking leave to care for her son.

**ANSWER:** Defendant admits that it issued a verbal warning to Kieffer for attendance. Defendant denies all other averments contained in paragraph 13 of Plaintiff's Complaint.

14. By issuing a verbal warning to Kieffer for absences for which leave was approved under the FMLA, Defendant interfered with Kieffer's exercise of her FMLA rights and retaliated against her for attempting to exercise those rights.

**ANSWER:** Defendant denies all averments contained in paragraph 14 of Plaintiff's Complaint.

15. Defendant failed to promptly advise Kieffer of any deficiency in her notice to it of her need for leave, and/or failed to give her a reasonable opportunity to cure any such deficiency.

**ANSWER:** Defendant denies all averments contained in paragraph 15 of Plaintiff's Complaint.

16. Kieffer subsequently advised Ms. Sharp of her need to take leave in March, 2012 in order to care for her son.

**ANSWER:** Defendant denies all averments contained in paragraph 16 of Plaintiff's Complaint.

17. In order to avoid friction with Sharp, Kieffer proposed that she take vacation time for the leave, and/or have other nurses cover her shifts.

**ANSWER:** Defendant denies all averments contained in paragraph 17 of Plaintiff's Complaint.

18. Kieffer provided Defendant with medical documentation of her need for the leave to care for her son.

**ANSWER:** Defendant denies all averments contained in paragraph 18 of Plaintiff's Complaint.

19. Thereafter, Sharp issued verbal and written warnings to Kieffer on the same day, one of which was specifically given for Kieffer having mentioned her planned leave at work.

**ANSWER:** Defendant denies all averments contained in paragraph 19 of Plaintiff's Complaint.

20. Defendant failed to provide Kieffer with FMLA paperwork or suggest that Kieffer take leave under the FMLA for the leave necessitated to care for her son.

**ANSWER:** Defendant denies all averments contained in paragraph 20 of Plaintiff's Complaint.

21. By issuing warnings to Kieffer, Defendant interfered with Kieffer's exercise of her FMLA rights and retaliated under the FMLA for the leave necessitated to care for her son.

**ANSWER:** Defendant denies all averments contained in paragraph 21 of Plaintiff's Complaint.

22. On or about January 15, 2013, Defendant terminated Kieffer.

**ANSWER:** Defendant admits the averments contained in paragraph 22 of Plaintiff's Complaint.

23. Defendant's stated reason for terminating Kieffer is pretextual. Kieffer was terminated in retaliation for exercising and/or attempting to exercise her rights under the FMLA.

**ANSWER:** Defendant denies all averments contained in paragraph 23 of Plaintiff's Complaint.

24. All reasons proffered by Defendant for adverse actions taken by it regarding Kieffer's employment are pretextual.

**ANSWER:** Defendant denies all averments contained in paragraph 24 of Plaintiff's Complaint.

25. Kieffer has suffered injury as a result of Defendant's unlawful actions.

**ANSWER:** Defendant denies all averments contained in paragraph 25 of Plaintiff's Complaint.

## V. Legal Allegations: FMLA Violations.

26. Kieffer incorporates all of the allegations set forth in paragraphs one through twenty-five (25) of this Complaint.

**ANSWER:** Defendant incorporates all previous answers in response to the averments contained in paragraph 26 of Plaintiff's Complaint.

27. Defendant unlawfully interfered with, discriminated against, and retaliated against Kieffer in violation of the FMLA.

**ANSWER:** Defendant denies all averments contained in paragraph 27 of Plaintiff's Complaint.

28. Defendant terminated Kieffer in retaliation for the exercise [of] her rights under the FMLA.

**ANSWER:** Defendant denies all averments contained in paragraph 28 of Plaintiff's Complaint.

29. All reasons proffered by Defendant for adverse actions taken by it regarding Kieffer's employment are pretextual.

**ANSWER:** Defendant denies all averments contained in paragraph 29 of Plaintiff's Complaint.

30. Defendant's retaliation against Kieffer violated the FMLA, 29 U.S.C. § 2615(a) by interfering with Kieffer's exercise of her FMLA rights and discriminating against her due to her exercise of those rights.

**ANSWER:** Defendant denies all averments contained in paragraph 30 of Plaintiff's Complaint.

31. Defendant's actions were intentional, willful, done in bade faith, and in reckless disregard of Kieffer'[s] federally protected rights under the FMLA.

**ANSWER:** Defendant denies all averments contained in paragraph 31 of Plaintiff's Complaint.

### VI. Requested Relief.

WHEREFORE, Plaintiff, Jennifer Kieffer, respectfully requests that this Court enter judgment in her favor and provide her the following relief:

1. Reinstatement to her former position, or pay front pay thereof.

2. Compensation, and all unpaid wages and monetary loss suffered as a result of the Defendant's unlawful actions, in an amount that will make her whole.

3. Liquidated damages for Defendant's bad faith violations of the FMLA.

4. Payment of her reasonable attorney fees and costs associated with this action.

5. Defendant pay pre- and post-judgment interest on all sums recoverable.

6. Any and all other relief to which she is entitled.

**ANSWER:** The averments contained in the paragraph under Section "VI. Requested Relief," including subparagraphs 1. through 6., of Plaintiff's Complaint are rhetorical in

nature and require no response. However, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Defendant sets forth the following affirmative defenses in response to the Complaint. Defendant, by stating its affirmative defenses, does not hereby assume any burden of proof that would otherwise rest with Plaintiff.

1. All actions taken with respect to Plaintiff were for just cause.

2. Plaintiff has unreasonably failed to mitigate her damages.

3. Plaintiff's injuries, if any, were caused in whole or in part by Plaintiff's own fault.

4. All of Defendant's actions with respect to the Plaintiff were taken for legitimate business reasons unrelated to Plaintiff's exercise or potential exercise of rights under the Family and Medical Leave Act.

5. Defendant would have taken the same action with respect to Plaintiff regardless of Plaintiff's past use or requested use of benefits under the Family and Medical Leave Act.

6. All of Defendant's actions with respect to Plaintiff were taken in good faith and Defendant had reasonable grounds that all actions taken did not violate the FMLA.

7. Plaintiff failed to provide Defendant with proper certification of the need for FMLA leave required by 29 C.F.R. §§ 825.305 and 825.313.

8. Plaintiff failed to follow Defendant's internal usual and customary notification rules as required by 29 C.F.R. § 825.304(e).

9. Plaintiff failed to provide Defendant with proper timely notice of the need for leave covered by the Family and Medical Leave Act.

10. Defendant honestly suspected that Plaintiff abused her FMLA leave and/or intended leave or otherwise did not take such leave for the intended purpose.

11. Defendant reserves the right to assert additional defenses as Plaintiffs' claims are clarified during the course of this litigation and such defenses become known.

WHEREFORE, Defendant respectfully prays that the Plaintiff's Complaint be dismissed in its entirety; that she take nothing by her Complaint; that Defendant be declared the prevailing party in this action and be awarded its reasonable attorney's fees and for all other proper relief.

Respectfully submitted,

*s/ Craig M. Williams*
Craig M. Williams, #21425-49
John P. Ryan, #21067-49
HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
Suite 2000, Box 82064
One American Square
Indianapolis, Indiana 46282
(317) 633-4884
(317) 633-4878 (FAX)
cwilliams@hallrender.com
jryan@hallrender.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2013, a copy of the foregoing *Defendant's Answer and Affirmative Defenses* was filed electronically. Notice of this filing will be sent to the following party(ies) by operation of the Court's electronic filing system. The party(ies) may access this filing through the Court's system:

>John H. Haskin
>Paul A. Logan
>JOHN H. HASKIN & ASSOCIATES
>255 North Alabama Street, 2nd Floor
>Indianapolis, IN 46204
>jhaskin@hlllaw.com
>plogan@hlllaw.com


       *s/ Craig M. Williams*

HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
Suite 2000, Box 82064
One American Square
Indianapolis, Indiana 46282
(317) 633-4884
(317) 633-4878 (FAX)

1405523v.1